IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OHIO
EASTERN DIVISION

**GARY LEE DEFLUITER,**

        **Petitioner,**

        **v.**

**CHILLICOTHE CORRECTIONAL
INSTITUTION,**

        **Respondent.**

        **CASE NO. 2:09-CV-281
        JUDGE SMITH
        MAGISTRATE JUDGE KING**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

## PROCEDURAL HISTORY

According to the petition, this action involves petitioner's convictions on his guilty pleas in the Franklin County Court of Common Pleas. Petitioner does not indicate the nature of his criminal convictions, but does indicate that, on December 28, 2001, the trial court sentenced him to ten years incarceration. He also indicates that the state court of appeals and the Ohio Supreme Court "denied taking jurisdiction," although petitioner did not provide the dates of such proceedings. *See Petition*. Petitioner also indicates that, on

July 12, 2005, he filed an "Affidavit of Preemption Clause" in the Franklin County Court of Common Pleas, but received no reply. *Petition*, at 4. On September 5, 2007, petitioner filed a document referred to as "CAFV (Discovery)" in the Franklin County Court of Common Pleas, asserting "Ron O'Brien – Administrative Process Failure to Disclose fraudulent concealment oath of office (violations)." *Id.* On September 24, 2007, petitioner filed a document referred to as "Administrative Process" in the Franklin County Court of Common Pleas, asserting "Opportunity to Cure/Affidavit of Certifant [sic] non-response." *Id.*

On April 13, 2009, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He asserts as follows:

> 1. Sovereign-secured Party Creditor.
>
> Filed and perfected a security agreement in interest in corporate fiction; Gary Lee DeFluiter, filed UCC 3's stating that secured party creditor owns all cause(s) in matters of the State corporate fiction.
>
> 2. Sovereign declare to officer(s) agent(s) employer actors to take notice of formal oath of renunciation.
>
> The aforementioned actors, agents, officers, employees, bound by the laws statutes, constitution shall not infringe upon/ignore/disregard/any acts/and provisions to uphold the Constitution.
>
> 3. Sovereign claimed all [illegible] rights; State/Federal Constitution/Treaties, U.S. Constitutions, "Universal Declaration of Human Rights," international covenant/civil and political rights.

> To further make clear the faulty instrument that the sovereign/secured party had been served with, was an unintelligible reference to a non-enacted State statute, constituting a bill of attainder, as to the criminal offenses alleged is ambiguous, to say the least when the State of Ohio used a trademark/copyright corporate fiction, Garry Lee DeFluiter for profit and/or use of making fraudulent bonds.
>
> 4. Status of sovereign/secured party creditor.
>
> I stand myself, with assistance, special, *sui juris* with judicial power, and non-assumpsit to any defacto state, state, or state I am not a member of any body corporate or politice. My status of American (citizen) [Article 2:1:5; 1:2:3; 4:2:1 and 3:2:1 U.S. Constitution], and my unalienable rights are not negotiable. My status of sovereign American people (citizenship) am [sic] as foreign as a non-resident alien to the [U.S. Const. Art. 1:8:1].

Petitioner also has attached a proposed order for issuance of the petition for a writ of habeas corpus. Doc. No. 3.

The Court notes that, under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, a habeas corpus petition is subject to summary dismissal if it appears from the petition that petitioner is not entitled to relief. Such are the circumstances here. Petitioner's claims are incomprehensible; this Court is unable to discern any federal claim in the petition.

> A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F.Supp.2d 790, 796 (E.D. Mich.2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996)(internal citations omitted).

> Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994)( *citing to* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *See also Smith v. Stegall,* 141 F.Supp.2d 779, 784 (E.D. Mich.2001).

*Edwards v. Johns*, 450 F.Supp.2d 755, 756 (E.D. Michigan 2006).

That said, the petition also appears to be a successive petition. On April 14, 2006, petitioner filed a federal habeas corpus petition attacking these same criminal convictions. *DeFluiter v. Warden, Chillicothe Correctional Institution,* Case Number 2:06-CV-274 (S.D. Ohio 2006). This Court dismissed that action as barred by the one-year statute of limitations on December 18, 2006. The dismissal of a prior habeas corpus petition as time-barred constitutes a decision on the merits, and renders a subsequent habeas corpus filing a second or successive petition. *Robinson v. Smith*, 2008 WL 5060133 (W.D. Michigan November 21, 2008), citing *Murray v. Greiner,* 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003).

Title 28 U.S.C. §2244(b)(3)(A) requires that, before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court lacks jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States,* 115 F.3d 136 (2nd

4

Cir. 1997); *Hill v. Hopper,* 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for a writ of habeas corpus. *Nunez v. United States,* 96 F.3d 990 (7th Cir.1996).

Accordingly, this Court lacks jurisdiction to entertain a second or successive §2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this authorization only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review, or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. §2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without §2244(b)(3)(A) authorization in *In re Sims, supra.*

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without §2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant

5

to 28 U.S.C § 1631.

*Id.* at 47; *see also Liriano v. United States,* 95 F.3d 119, 123 (2d Cir.1996)(per curia).

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

<u>May 14, 2009</u>                                                   <u>  s/Norah McCann King  </u>
                                                                                  Norah McCann King